[Civ. No. 10960.   Second Appellate District, Division One.—August 18, 1936.]

MITCHELL & JOHNSON (a Copartnership) et al., Respondents, v. C. S. SMITH, as Mayor, etc., Appellant.

Ralph K. Pierson and A. N. Soliss for Appellant.

Mitchell & Johnson, *in pro. per.*, for Respondents.

SHINN, J., *pro tem.*—Petitioners, respondents herein, attorneys at law, were employed by the city of Compton to perform legal services of a special nature for the city at an agreed compensation. They performed said services in full and their demand for payment, conforming to the contract, was approved by the proper city officials. Appellant Smith, as mayor of the city, having refused to draw a warrant upon the city treasurer in payment of the claim, was ordered by the judgment of the court to do so and he appeals.

■ The return to the writ set up a claim of illegality in petitioners' employment, in the alleged noncompliance with a provision of the city charter of Compton, which permits the employment by the city of those who are nonresidents or not qualified electors of the city only in case no suitable applicant be found within the city. Petitioners were neither such residents nor electors. The court found upon evidence given at the trial (as recited in the judgment) that there were no attorneys, residents and electors of the city of Compton, who were qualified to render the services in question.

The appeal is upon the judgment roll. The only evidence in the record which is before us, other than the allegations of the pleadings, consists of affidavits contained in the clerk's transcript. Taking a view of the record most favorable to appellant we shall assume that these affidavits were considered by the court upon the trial and that they constituted the evidence upon the matters to which they relate. Ample evidence is furnished by the affidavits filed on behalf of petitioners to support the finding of the court that there were no attorneys in the city of Compton entitled to preference over petitioners in the matter of employment by the city. The finding therefore may not be disturbed.

■ Criticism is made of the form of the judgment, in that it directs the mayor to draw a warrant upon the city treasurer for the payment of the demand of petitioners and directs respondent Adams, as city treasurer, to pay the same when the warrant is countersigned by the city clerk, whereas, under resolution of the city council, claims are to be paid by check signed by the city treasurer and countersigned by the mayor. The method of payment prescribed by the judgment accords with the provisions of section 864 of the Municipal Corporations Act (Deering's General Laws, Supp. 1933, Act

5233). The charter makes applicable in such matters the general laws of the state unless otherwise provided in the charter or by ordinance.. No other method for the payment of demands appears to have been so provided. The judgment directs payment of petitioners' demand in a legal manner.

Judgment is affirmed.

Houser, P. J., and Doran, J., concurred.